IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERTO MURILLO,

                      Petitioner,

        v.

DR. BURTON COX; C.O. PETSCHE, ReviewerICE;
HSU ADMINISTRATOR MARY BARTELS;
MANDY MATHSON, CCE; JOHN PAQUIN, Warden;
RICHARD GUTKNEC; CYNTHIATHORPE;
TOM GOZINSKE; WELCOME ROSE;
AMY SMITH; RN CHRISTINE VAUSCH; and
RICK RAEMISCH, Secretary D.O.C.;

                      Respondents.[2]

ORDER

08-cv-676-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed prisoner civil rights action brought under 42 U.S.C. § 1983,

---

[1] Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

[2] Before this court could screen petitioner's complaint, he filed an amended complaint, which he was entitled to do without leave of court under Fed. R. Civ. P. 15 (a)(1)(A). Accordingly, I will treat petitioner's amended complaint as the operative pleading and disregard his original complaint. I have amended the caption to note the changes made in the amended complaint.

1

petitioner Robert Murillo contends that respondents violated his Eighth Amendment rights to be free from cruel and unusual punishment. Petitioner seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 and has made an initial partial payment as directed by the court under § 1915(b)(1).

Because petitioner is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Having reviewed petitioner's amended complaint, I conclude that he may not proceed at this time because his complaint violates Rule 8 of the Federal Rules of Civil Procedure.

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the plaintiff must provide notice *in his complaint* of the facts giving rise to his claims so that the defendants can file an answer. Higgs v. Carver, 286 F.3d 437, 439 (7th Cir. 2002). In addition, the complaint must "show" why the plaintiff is entitled to relief, which means the complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

2

In this case, the statement of petitioner's claim consists of one paragraph:

> As depicted in the attached offender complaints, I suffered painful injury to my persons while in the state custody. Despite numerous and repeated request[s] for medical attention, none of the said defendants acted within their said capacity and refuse[d] to give me the proper medical attention I requested.

This paragraph does not provide notice to respondents of the actions they took that allegedly violated petitioner's rights and it does not provide enough facts to determine whether petitioner states a claim upon which relief may be granted. Although petitioner suggests that he believes respondents violated his right to medical care, he does not say what his medical condition is, what care he needed but did not receive or how each defendant was involved in the denial of that care. Information about each of these issues is necessary in order to satisfy the pleading standards of Rule 8.

The "offender complaints" petitioner mentions are attached to his original complaint, not his amended complaint. Each of these grievances appears to discuss different problems petitioner is having. Even if those grievances had been attached to the operative pleading, petitioner may not simply file a stack of documents and expect this court and respondents to figure out for themselves what his claims might be; he must provide that notice in the complaint itself. Accordingly, petitioner may have until January 31, 2008 to submit a second amended complaint that complies with Rule 8. Powers v. Snyder, 484 F.3d 929, 933 (7th Cir. 2007) (when complaint fails to give notice, court should give plaintiff opportunity
3

to replead).

In drafting the second amended complaint, petitioner should view his task as telling a story to people who know nothing about his situation.  Someone reading the complaint should be able to answer the following questions without referring to any attached documents:

- What condition or conditions does petitioner suffer from that requires medical treatment?

- What medical care does petitioner believe that he should have received but did not?

- How was *each respondent* involved in the alleged constitutional violation?  In other words, what were the actions or inactions of each respondent that caused petitioner to be denied needed care?

If petitioner's second amended complaint is missing any of these facts with respect to any respondent, I will have to dismiss the complaint as to that respondent.

Also, in deciding which claims should be included in his complaint, petitioner should be aware of the limitations of Fed. R. Civ. P. 20.  As the court of appeals held recently in George v. Smith, 507 F.3d 605 (7th Cir. 2007), petitioner may join claims in a single lawsuit only if they are asserted against the same respondent, Fed. R. Civ. P. 18, or if the allegations "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences and

4

if any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. If the requirements for joinder of parties have been satisfied under Rule 20, only then may Fed. R. Civ. P. 18 be used to allow petitioner to join as many other claims as he has against multiple respondents or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions. Intercon Research Assn., Ltd. v. Dresser Ind., Inc., 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., Federal Practice & Procedure § 1655, at 280 (1972)). In other words, petitioner may not bring different claims against different respondents in the same lawsuit unless the claims are part of the same set of facts.

ORDER

IT IS ORDERED that petitioner Roberto Murillo may have until January 31, 2009, to submit a proposed second amended complaint that complies with Fed. R. Civ. P. 8. If petitioner fails to comply with this order, I will dismiss the case without prejudice to

petitioner's refiling it at a later date.

Entered this 17th day of December, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge