IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERTO MURILLO,

                                                                  ORDER

                Plaintiff,

                                                       08-cv-676-slc[1]

    v.

BURTON COX,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this prisoner civil rights case, plaintiff Robert Murillo is proceeding on a claim that defendant Burton Cox violated his Eighth Amendment rights by failing to treat an injury to his ankle. On November 6, 2009, defendant filed a motion for summary judgment on the ground that he provided plaintiff with appropriate care. Plaintiff's response to that motion was due on December 7, 2009, but the court has yet to receive any materials from plaintiff. In fact, plaintiff's last participated in this lawsuit on April 6, 2009, when he took part in a preliminary pretrial conference.

       Although it is not clear why plaintiff has not responded to defendant's motion, it is

---

[1] Because consents to the magistrate judge's jurisdiction have not been filed by all the parties to this action, I am assuming jurisdiction over the case for the purpose of this order.

ultimately his responsibility to request an extension of time or inform the court of any reason he could not comply with the deadline. It is also plaintiff's responsibility to inform the court of a change in his address. (The online inmate locator for the Wisconsin Department of Corrections indicates that plaintiff is "out of custody," but plaintiff has not notified the court that he is no longer housed at the Prairie du Chien Correctional Institution.) Because plaintiff has failed to oppose defendant's motion for summary judgment, I must accept as true all facts properly proposed by defendant. Doe v. Cunningham, 30 F.3d 879, 883 (7th Cir. 1994); Glass v. Dachel, 2 F.3d 733, 739 (7th Cir. 1993); Wienco, Inc. v. Katahn Associates, Inc., 965 F.2d 565, 567 (7th Cir. 1992).

According to defendant's proposed findings of fact, plaintiff injured his right foot and ankle in March 2006 after "jumping off a bunk" at Dodge Correctional Institution. Plaintiff first complained to defendant about pain from this injury in September 2007, after he had been transferred to Prairie du Chien Correctional Institution. Although plaintiff complained to defendant about pain many times over the next two years, defendant did not disregard those complaints. Defendant prescribed a variety of pain medications, physical therapy, braces and other aids. He approved an MRI and an arthroscopy. He examined plaintiff 17 different times himself and approved a referral to an orthopedist. It is possible that another doctor could have treated plaintiff more successfully, but that is not the test. Rather, the question is whether defendant's treatment of plaintiff was such a substantial departure from accepted medical judgment as to demonstrate that defendant knew that he was providing

inappropriate treatment.  <u>Norfleet v. Webster</u>, 439 F.3d 392, 396 (7th Cir. 2006).  On the current record, no reasonable jury could make that finding.  Accordingly, defendant's motion for summary judgment must be granted.

## ORDER

IT IS ORDERED that defendant Burton Cox's motion for summary judgment, dkt. #27, is GRANTED.  The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 13th day of January, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge